UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG TROUNG,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>S. GUNDERSON, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-1272-JAM-EFB P<br><br>ORDER GRANTING IFP AND SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.　Request to Proceed In Forma Pauperis**

Plaintiff's application (ECF No. 10) makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2). He has also filed two redundant applications (ECF Nos. 5&7) which will be denied as moot.

**II.　Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a). The court must identify cognizable claims or dismiss the complaint, [1] or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

---

[1] Plaintiff has filed three complaints in this action. ECF Nos 1, 4, & 6. In screening this action, the court looks exclusively to the most recent Second Amended Complaint (ECF No. 6). *See Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that an amended pleading supersedes the original).

**III. Screening Order**

The complaint (ECF No. 6) names S. Gunderson, S. Castellon, L. Fetzer, and Cody James Phelps as defendants and alleges that they violated plaintiff's constitutional rights. According to the complaint, plaintiff was being transported by bus from California State Prison Sacramento to California Men's Colony- San Luis Obispo on February 6, 2013. *Id*. at 4. Gunderson was the transportation supervisor, Castellon was driving the bus, and Fetzer was sitting in the rear area of the bus with a firearm. *Id*. Plaintiff alleges that, while the bus was headed southbound on the freeway, Castellon began driving recklessly. *Id*. The inmates allegedly urged him to slow down, but were ignored and told to be quiet. *Id*. Plaintiff alleges that he was shackled and the correctional officers knew that he had no seatbelt. *Id*.

Shortly thereafter, defendant Cody James Phelps, who was also travelling southbound, lost control of his vehicle while trying to pass the prison bus. *Id*. at 5. His vehicle struck the rear tires of the bus, causing plaintiff to be tossed from his seat and into the adjacent wall. *Id*. Plaintiff claims that he suffered injuries to his face, neck, and back as a result of the crash. *Id*. Afterwards, defendants Gunderson, Castellon, and Fetzer asked if any inmates needed medical attention and coordinated the transport of injured inmates to nearby facilities. *Id*. Now, plaintiff alleges that the defendant correctional officers were deliberately indifferent by driving recklessly and failing to provide him with a seatbelt. *Id*. at 5-6. He also alleges that defendant Phelps violated his rights by driving recklessly and causing the accident. *Id*. at 6. As set forth below, the allegations fail to state a cognizable claim under the applicable standards.

First, defendant Phelps is not a state actor and must be dismissed on this basis. To state a viable claim under § 1983 the defendant must act under color of state law. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). A private individual is liable under § 1983 only if he conspires or enters into a joint action with a state actor. *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 783 (9th Cir. 2001). There is no indication that defendant Phelps acted in concert with any state official.

Plaintiff's claims against defendants Gunderson, Castellon, and Fetzer must also be dismissed. First, it is well settled that the failure to provide seatbelts in a prison vehicle "does

3

not, standing alone, violate the Eighth or Fourteenth Amendments." *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012). Second, plaintiff has not alleged sufficient facts to establish that defendant Castellon's reckless driving was the cause of any of his injuries. The complaint explicitly states that the accident was caused by defendant Phelps' attempt to pass the bus and the loss of control of his vehicle during this maneuver. ECF No. 6 at 5. Plaintiff alleges that "[d]efendant Cody James Phelps reckless driving caused and resulted in the crash against the CDCR Departmental Transport Bus . . ." *Id*. The complaint does not allege that defendant Castellon's own reckless driving contributed to or worsened that accident in any way. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes the deprivation of which complaint is made*.") (internal quotations omitted) (emphasis added).

Plaintiff does go on to make the conclusory allegation that Castellon's reckless driving resulted in a crash against another vehicle on the freeway. ECF No. 6 at 5. Plaintiff has failed to provide any details regarding this crash. He does not, for instance, allege: (1) how Castellon's reckless driving contributed to that crash; (2) how (if at all) this crash was related to the first accident involving Phelps; (3) when this crash occurred; or (4) the basic circumstances of the crash, i.e. whether the bus struck the second car or vice versa, whether Castellon had a reasonable opportunity to avoid or lessen the impact of the second crash, what (if any) actions the other defendants undertook at the time of the second crash, etc. Plaintiff appears to be alleging that the first crash involving Phelps instigated the second crash which, in turn, was made worse due to Castellon's driving. The court will not interpret a plaintiff's complaint by substituting facts that are not present, however. He may address these deficiencies in his amended complaint.

**IV.     Leave to Amend**

Plaintiff will be granted leave to file an amended complaint, affording him an opportunity to allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

4

their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**V.  Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF Nos. 10) is granted and his other applications to proceed in forma pauperis (ECF Nos. 5 &7 ) are denied as moot.

/////

/////

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to prosecute. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: October 4, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE