UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HOANG TROUNG,

    Plaintiff,

v.

S. GUNDERSON, et al.

    Defendants.

No. 2:16-cv-1272-JAM-EFB P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On October 5, 2017, the court dismissed plaintiff's complaint with leave to amend after finding that it failed to state a viable claim upon which relief could be granted. ECF No. 11. Plaintiff has filed an amended complaint (ECF No. 16) and the court must screen it.

<u>Screening Requirements</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

/////

/////

1                                                <u>Screening Order</u>

Plaintiff alleges that, on February 6, 2013, he was being transported between prison facilities on a California Department of Corrections and Rehabilitation ("CDCR") bus. ECF No. 16 at 2. He claims defendant Castellon was driving the bus when, at approximately 1:20 p.m., it struck a vehicle being driven by Cody James Phelps - a private citizen. *Id.* at 3. Plaintiff claims that a subsequent investigation of the crash by the California Highway Patrol revealed that defendant Castellon's license was suspended at the time of the crash. *Id.* The crux of plaintiff's complaint is that, by driving without a valid license, Castellon "unlawfully subjected plaintiff to a substantial risk of serious harm."[1][2] *Id.* He also claims that defendant Gunderson was aware that Castellon's license was suspended on the day in question but took no action to stop him from driving.[3] *Id.* at 4.

Plaintiff's complaint fails to state a viable claim. Crucially, he has failed to allege that the invalidity of Castellon's license actually caused or influenced the crash in any way. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) ("A person subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do *that causes the deprivation of which complaint is made*.") (internal quotations omitted) (emphasis added). Plaintiff also claims that Castellon's operation of a CDCR vehicle without a valid license violates CDCR regulations, but this does not state a cause of action under section 1983. *See Sandin v. Conner*, 515 U.S. 472, 481-82 (1995) (stating that prison regulations are "primarily

---

[1] Plaintiff alleges that he suffered injuries to his neck and back as a result of the crash. ECF No. 16 at 3-4.

[2] Plaintiff has filed two other complaints after the initial complaint and prior to the most immediate amended complaint. ECF Nos. 4 & 6. The court looks only to the most recent amended complaint in screening this action, however.

[3] In the latter part of his complaint, plaintiff also alleges that Gunderson failed to give a true account of the accident in his report insofar as he omitted the fact that Castellon's license was suspended. ECF No. 16 at 6. Plaintiff claims that this omission violated his due process rights. *Id.* He offers no explanation as to how this omission actually violated his rights, however, and the court will not make assumptions on his behalf.

designed to guide correctional officials in the administration of a prison" and are "not designed to confer rights on inmates"); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("[T]here is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations."); *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) ("[A] failure to adhere to administrative regulations does not equate to a constitutional violation.").

Leave to Amend

The only remaining question is whether to grant plaintiff further leave to amend his complaint. As noted *supra*, the current complaint represents plaintiff's second attempt at stating a potentially cognizable claim, and he appears no closer to doing so. Thus, this action should be dismissed without leave to amend. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809-810 (9th Cir. 1988) ("Repeated failure to cure deficiencies by amendments previously allowed is another valid reason for a district court to deny a party leave to amend.").

Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that plaintiff's third amended complaint (ECF No. 16) be dismissed without leave to amend and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 15, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE